THE PEOPLE'S BANK OF NEWNAN, plaintiff in error, *vs.* ORLANDO McLENDON, defendant in error.

A commissioner entrusted by a party to a suit to find another commissioner and execute interrogatories, may recover therefor whatever his services are reasonably worth, though he was named by the other party as his commissioner on the interrogatories, before thus entrusted by the first party with the duty to hunt up another commissioner and take the business in charge.

*Certiorari.* Interrogatories. Before Judge BUCHANAN. Coweta County. At Chambers. December 13th, 1875.

Reported in the opinion.

A. D. FREEMAN, for plaintiff in error.

P. H. BREWSTER; SPEER & SPEER, for defendant.

JACKSON, Judge.

The People's Bank of Newnan and another were at law. The bank sued out a commission to take the interrogatories of a witness. The other party named McLendon, the defendant in error here, as commissioner, or one of them. Whereupon the bank entrusted the commission and interrogatories to McLendon, and asked him to get another commissioner and execute the interrogatories. McLendon acted, and charged the bank $10 00; the bank defended on the ground that it was only bound to pay $2 00; the court below, on *certiorari,*

held that plaintiff could recover $10 00; the bank excepted, and the case is here.

But for the fact that a principle of some consequence to the profession and to litigants was involved in this case, the principle that "de minimis non curat lex" would apply to the case. The idea of a bank defending a claim for a $10 00 fee due a lawyer, who proved his services to be worth that sum, is rather too close, but perhaps the principle at stake may justify it.

The question is, can a commissioner recover more than $2 00 for his services? Before the act of 1866—Code, section 3883—he could not; but that act declares that reasonable compensation may be paid to the commissioners, but not more than $2 00 a day shall be taxed as costs against the party cast in the suit. We see no reason, therefore, why a commissioner may not recover any reasonable compensation agreed upon, and if none be agreed upon, why he may not recover from the party at whose instance and request he may act, on a quantum meruit, whatever his services were worth. At least I think so. Such seems to me to be the remedy that this act of 1866 applied to the defect in the old law. So that if McLendon was employed by the bank, he could recover from it what his services were worth. Was he employed? We all think that he was not only to execute the interrogatories, to do his part of that duty, but to hunt up another commissioner and take the onus of the whole business upon himself. We all think that he was thus entitled to recover from the bank, which thus, through its attorney, entrusted this business to McLendon, the $10 00 sued for; whilst I think any commissioner employed by a party to execute interrogatories may not only recover an agreed sum, in which I understand the whole court to concur, but if no agreement be made, that he may recover whatever sum he proves his services to have been worth.

The only limitation upon an agreed fee seems to be that it shall not be taxed in the bill of costs against the losing party.

Judgment affirmed.